UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

23-CR-20336-LEIBOWITZ

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

**OSCAR BANDEN BURNS,**

    Defendant.

_____/

**DEFENDANT, OSCAR BURNS', MOTION
FOR SEVERANCE FROM CO-DEFENDANT CESAR**

COMES NOW, the Defendant, Oscar Burns, through undersigned counsel and pursuant to Fed. R. Crim. P. 14, and respectfully requests this court sever the trial of Mr. Burns from that of his co-defendant, Schnaider Cesar. In support, the defense states the following:

1. On August 18, 2023, Mr. Burns was charged, together with two other defendants, with Carjacking[1]. [DE:1]. Mr. Burns was the only person of the three charged with a second count of Brandishing a Firearm During and in Relation to a Crime of Violence. [DE:1].

---

[1] The other Co-Defendant, Mr. Rayneo Blanc, entered a guilty plea on February 23rd, 2024, and is cooperating with the government. [DE: 50 & 51].

1

2. On May 29, 2023, during law enforcement's investigation in this case, Mr. Burns' co-defendant, Shnaider Cesar, allegedly waived his *Miranda* rights and spoke to detectives of the City of Miami Police Department who were responsible for the carjacking investigation and case.

3. In Mr. Cesar's statement to law enforcement, he allegedly named Oscar Burns as the gunman in this case and made other incriminating statements about Mr. Burns.

4. It appears the government intends to use Mr. Cesar's statements against Mr. Burns at trial. If the government were to introduce these statements at a joint trial with Oscar Burns, Mr. Burns' Sixth Amendment right to confront his witnesses would be violated should Cesar decide not to testify.

5. Undersigned counsel spoke with AUSA Stefan Rafael Diaz Espinosa, the prosecuting authority on this case, and he stated the Government opposes this motion and the relief requested.

## MEMORANDUM OF LAW

The Eleventh Circuit following Supreme Court precedent held that a severance is mandatory where a joint trial leads to the denial of a Constitutional right. *United States v. Blankenship*, 382 F.3d 1110, 1123 (11th

Cir. 2004) (citing *Zafro v. United States*, 506 U.S.534 (1993)). In *Blankenship*, the court specifically held that "a defendant's Sixth Amendment right to cross-examination is violated where the court admits into evidence a mutually incriminating confession of a co-defendant who does not take the stand. This court has repeatedly recognized that, even if given proper limiting instructions, a jury cannot possibly be expected to consider such a confession against only the defendant who made it." *Id.* at 1123, n. 24. Therefore, it would be a clear violation of Mr. Burns' constitutional right to confront the witnesses against him, if the government sought to introduce the very inflammatory statements of Mr. Cesar in a joint trial. Thus, a severance is mandatory in this case. In the alternative, the court should suppress any statements made by Cesar concerning Mr. Burns' alleged involvement in this matter from the trial.

Respectfully submitted,

**S. PATRICK DRAY, P.A.**
11900 Biscayne Blvd., Suite 459
North Miami, FL 33181

Tel: (305) 379-4501
Fax: (786) 513-2244

By:  /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.
FLORIDA BAR NO.: 0180157
pat@patdray.com

3

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 5th, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.
