IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSCAR BANDEN BURNS,

    Defendant.
_____/

## **DEFENDANT, OSCAR BURNS' OMNIBUS MOTION IN LIMINE**

**COMES NOW**, Defendant, Oscar Banden Burns, by and through undersigned counsel, and pursuant to the Federal Rules of Evidence, and the Court's recent Scheduling Order[1] [DE: 129] hereby files this Motion in Limine to preclude the Government from introducing certain improper testimony. At Mr. Burns's first trial, the Government elicited testimony that is inadmissible under the rules of evidence as follows:

First, the Government asked the victim how the alleged carjacking impacted her life thereafter; such testimony is inadmissible under Rules 402 and 403. Second, the alleged victim testified that the firearm Mr. Burns allegedly brandished was a

---

[1] The Court granted Defendant Burns' motion to extend deadlines to file motions [DE 130], until November 5th, 2024. See DE 131.

real firearm. Because the victim is not a firearms expert and cannot possibly tell the difference between a real firearm, or one that cannot discharge a projectile and/or know the appearance from a "real" or "fake gun," she should not be permitted to testify that the gun she allegedly briefly saw was in fact "real." Third, the defense should be permitted to impeach co-defendant Rayneo Blanc during his cross-examination using his open and pending, unrelated, state criminal case, as motive to obtain a favorable sentencing outcome by testifying for the Government, in this matter. In support thereof, Mr. Burns states as follows:

**I.  The Alleged Victim should be precluded from offering victim impact testimony beyond that which is relevant to the substantial bodily injury element.**

At the previous trial, the alleged victim provided "victim impact" testimony regarding the extent of the injuries after the prosecution asked how the alleged carjacking affected her life. See DE: 118, page 60, lines 16-20). The defense moves *in limine* to preclude the alleged victim from repeating this victim impact testimony at the new trial, on the grounds that such testimony is neither relevant under Fed. R. Evid. 401 and 402, nor admissible under Fed. R. Evid. 403.

Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. In *United States v. Kruse*, 601 Fed. Appx. 827 (11th Cir. 2015), the defense also argued that the victims' financial losses

were irrelevant to the criminal fraud charges. There, the prosecutor elicited testimony regarding the impact of the victim's losses, "e.g., that their life savings were wiped out, that one victim could not pay the medical bills, etc." *Id*. at 829. The government claimed that, because it was a fraud case, such evidence was relevant to proving the materiality of the appellant's misrepresentations and the victims' reliance on them—essentially, the loss went to the nature of the offense. *Id*. While the court acknowledged the relevance of such evidence in a fraud prosecution, it was concerned about the ***amount*** presented by the prosecutor. *Id*.

Here, the ***only*** relevance the victim's injury could possibly have relates to meet the "substantial bodily injury" requirement of 18 U.S.C. § 2119 for sentencing purposes. However, the evidence at the first trial demonstrated that no such substantial bodily injury occurred. Moreover, even if there was any evidence of substantial bodily injury, this can be accomplished without the alleged victim testifying about the mental and emotional anguish ***following*** the alleged carjacking. The witness can simply state what the alleged injuries were without elaboration or that she was in fear at that moment in time. The alleged victim's emotional or mental state following the incident is simply not at issue and does not assist the jury in determining guilt or identifying the gunman.

Regardless, even relevant evidence may be deemed inadmissible under Fed. R. Evid. 403 if it's probative value is substantially outweighed by the danger of

unfair prejudice. Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *see also United States v. Norman*, 638 Fed. Appx. 934, 939 (11th Cir. 2016)(finding that "the district court abused its discretion by admitting the victim-impact testimony at trial because it was both irrelevant and unduly prejudicial."). Likewise, the alleged victim in this case should not be permitted to testify regarding the mental and emotional aftermath. With little-to-no probative value, such testimony would pose a danger that the jury considers its own sympathy for the alleged victim in deciding guilt or innocence which, the rules and its commentary make clear, is simply improper.

## II. Lay witness testimony about the authenticity of the firearm should be excluded as improper expert testimony.

As this Court is well-aware, firearms experts are frequently called to testify at trial regarding the authenticity and use of firearms. At the previous trial in this case, the alleged victim—who is ***not*** a firearms expert—testified that the firearm she witnessed was a real firearm. The prosecutor specifically asked: "…did you think it was real? And then followed up with: "Why did you think it was real?" [DE 118, page 49, lines 6-11]. Notably, the firearm was neither fired during the alleged carjacking, nor recovered by authorities thereafter. The defense moves *in limine* to

preclude the alleged victim from testifying that the firearm was in fact real, as this testimony is considered expert testimony under Fed. R. Evid. 702.

Lay witnesses are permitted to give their opinions under Rule 701; however, Rule 702 governs expert testimony. Expert testimony is that which contains technical or specialized knowledge by a witness "who is qualified as an expert by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Here, the alleged victim may be able to testify about what she **believed** she saw, but she cannot be permitted to testify—as she did in the first trial in response to the prosecutor's questioning—that the firearm was real. For example, the Second Circuit in *United States v. Glenn* found that it was improper to permit a lay witness, a drug dealer, to testify that a bulge on the waistband of the defendant's pants was a gun, as the witness lacked any specialized knowledge. 312 F.3d 58, 67 (2d Cir. 2002). The witness "did not arrive at his conclusions through reliable principles or methods but through casual, sporadic observations of drug dealers over some unspecified time period." *Id*.

Such would be the case if the alleged victim here were permitted to testify that the gun was real. There is nothing in the record that shows the alleged victim has any specialized knowledge that would allow her to differentiate between a real and fake firearm. Mere ownership does not elevate one to the required standards of an ATF gun expert routinely called in firearms cases for the Government. Therefore,

this Court should preclude the Government from "proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Committee Notes.

### III.  Impeachment of Co-Defendant Rayneo Blanco

The defense should be permitted to impeach co-defendant Rayneo Blanco with his pending criminal case because it establishes a clear motive for him to fabricate testimony. Given his second current open case, in addition to his plea and sentencing in this matter, Blanco has a vested interest in securing a favorable plea agreement in state court and/or a reduced sentence in both cases.

Allowing the defense to highlight this motive is crucial for the jury to fully assess his credibility, as highlighted in the Eleventh Circuit Pattern Jury Instruction on the Testimony of an Accomplice or Codefendant with Plea Agreement:

> But a witness who hopes to gain more favorable treatment ***may have a reason to make a false statement*** in order to strike a good bargain with the Government. So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony ***with more caution*** than the testimony of other witnesses.

11th Cir. P. Jury Ins. S1.2 (emphasis added). The jury cannot properly address Blanco's credibility if they don't have a complete picture of what motives drive his testimony. Moreover, Fed. R. Evid. 404(b) permits impeachment of a defendant with a prior bad act (here, the open state case, and an other unrelated open, pending case in state court) in order to show motive. Similarly, the defense here should be

permitted to use the open state case to show Blanco's motive. While 404(b) generally considered the danger of unfair prejudice, here, Blanco would not be prejudiced—he has already pleaded guilty in federal court, and is not the one on trial. *See also* Fed. R. Evid. 608(b) ("the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness"); *United States v. Partin*, 493 F.2d 750, 760 (5th Cir. 1974)("It is fundamental that for purposes of impeachment a litigant may show, among other things, that a witness against him has made prior inconsistent statements, ***that he has a motive for giving false testimony***, or that he has in the not too remote past been convicted of a felony. It necessarily follows that the trial jury, certainly upon request, should be informed of the purpose for which such evidence has been admitted, else the right of impeachment is in danger of impermissible dilution.") (emphasis added). Moreover, it is not the arrest itself, but the fact that he has an open and pending case pending against him; wherein, he is likely or certainly has a strong motive to testify consistent with the government's theory of their prosecution of their case herein.

    For these reasons, the defense should be permitted to impeach Blanco with his pending case so that the jury can be properly informed and make a balanced credibility determination during deliberations.

WHEREFORE, based on the foregoing, Mr. Burns, respectfully requests this Court grant his Omnibus Motion in Limine.

Respectfully submitted,

**S. PATRICK DRAY, P.A.**
11900 Biscayne Blvd., Suite 459
North Miami, FL 33181
Tel: (305) 379-4501
Fax: (786) 513-2244

By: /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.
FLORIDA BAR NO.: 0180157
pat@patdray.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 5th, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.