UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-DSL

UNITED STATES OF AMERICA,

      Plaintiff,

v.

OSCAR BURNS,

      Defendant.
_____/

**RESPONSE TO GOVERNMENT'S OMNIBUS MOTION IN LIMINE**

Oscar Burns, through undersigned counsel, hereby responds in opposition to the Government's Omnibus Motion in Limine [DE:123], and in support thereof states as follows.

**I.    Cesar's Prior Conviction**

As to the introduction of co-defendant Cesar's prior conviction, Mr. Burns adopts the arguments contained within Cesar's Response [DE:141]. Additionally, Mr. Burns objects to Blanc's testimony under Fed. R. Evid. 602 insofar as it speculates as to Mr. Burns's state of mind.

**II.    Jail Call**

The Government's seeks to introduce the fact that the exculpatory call was recorded because Mr. Burns was incarcerated, in order to suggest—without evidence—that Mr. Burns was lying when he made exculpatory statements. It is important to separate three evidentiary aspects about the call being played for the jury: (1) evidence *that* the call was recorded, (2) evidence as to *why* the call was recorded, and (3) evidence as to Mr. Burns's *intent* given that the call was recorded.

First, the fact that the call was recorded will be obvious to the jury—otherwise, how would they be able to listen to it or see a transcript? Second, it is not impossible for the jury to be made aware of the fact that the phone line announced that it was being recorded without alerting the jury *why* it is being recorded: because it is a jail line. As a practical matter, the Government could redact or "bleep out" all parts of the pre-recorded message except for the part that states the call is being recorded, *i.e.*, redact the parts that show it was a jail call.

The troubling aspect of the Government's argument is the third, evidence as to Mr. Burns's intent. The Government's Motion in Limine should be denied for two reasons: (A) the evidence is purely speculative, and (B) the evidence poses a substantial risk of unfair prejudice.[1]

### A. The Government's interpretation of Mr. Burns's intent is inadmissible because it is based on pure speculation and not evidence.

The Government asserts that it is necessary for the jury to know that he knew he was being recorded on a call that took place months before Mr. Burns was even indicted in this case, when he was in jail for an unrelated matter, during which he simply states that he is innocent, because if he knows he's being recorded and he professes his innocence, that must be evidence that he is lying. This pure speculation for which there is no evidence. The Government claims, "He could not speak openly with Blanc on the prison line and so resorted to code; for example, when he says 'Bingo' after Blanc claims he has no knowledge of the robbery, directing Blanc to feign ignorance if interviewed by police." Gov. Motion at 8.

Under Fed. R. Evid. 602, a witness can only testify to information about which he or she has personal knowledge. Nothing in the Government's Motion indicates how, through what

---

[1] The Government presumes that because former trial counsel referred to the calls as "jail calls" in the first trial that new counsel will refer to them as "jail calls" in the second trial. Gov. Motion at 9. Undersigned counsel asks this Court to not consider the strategic arguments made by different counsel in front of a different jury for the reasons set forth in this Response.

witness(es), or with what evidence it will use to show the jury that the word "bingo" was code or that Mr. Burns's word choice indicates that he was coaching Blanc on what to say. On its face, the call does not demonstrate signs of coaching.

Absurdly, the only thing the Government points to in order to support this claim is that Mr. Burns says "bingo" on the call. It is no secret that there are codes used amongst criminals that federal agents, police, and prosecutors become aware of throughout their investigations: "snow" or "glass" in drug trafficking cases, "the blade" or "incall" in prostitution cases. As far as the defense is aware, "bingo" is not one of those terms. As many people know very well, and as even the Merriam-Webster dictionary states, the word "bingo" is "used to express endorsement of a correct assertion."[2] In response to Blanc stating, "No cuz I don't know what's going on." Mr. Burns replies, "Bingo, and I don't know what's going on either." Mr. Burns is simply expressing his agreement, because neither of them knew what was going on.

Saying "bingo" when expressing agreement is not some criminal code. Nor does the Government connect the dots between the word bingo and its interpretation of it in its Motion. That's because there is no connection, only speculation. And speculation is not permitted under the Rules of Evidence. *See United States v. Quintero*, 2007 WL 9754531 at *3 (S.D. Fla. Aug. 7, 2007)(defendant was precluded from presenting a letter to bolster his own testimony because he was not aware of its contents until it came up in another trial, and thus he had no personal knowledge of it at the relevant time); *United States v. Serrano-Delgado*, 350 F. Supp. 3d 36, 37 (D. P.R. 2018)(precluding third-party witness from testifying as to defendant's state of mind);

---

[2] "Bingo." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/bingo.

*Combs v. Cordish Co.,* No. 14-0227, 2018 WL 1464033, at *12 (W.D. Mo. Mar. 23, 2018)("Beliefs, perceptions, and feelings about another person's state of mind are precluded.").

### B. Purposefully eliciting evidence that Mr. Burns was incarcerated poses substantial risk of undue prejudice.

The Government's citation to *United States v. Fuertes*, 435 F. App'x 802, 810 (11th Cir. 2011) is not persuasive. There, ***what*** the defendant said on the jail call and the ***purpose*** for introducing the call during a sex trafficking trial were perfectly aligned: on the call the defendant admitted that he was a pimp, that he supervised numerous prostitutes, and specified which prostitute was his "lead" prostitute. *Id*. There was nothing speculative about the Government's use of Fuertes's words. This is a far cry from the facts before this Court. Here, what Mr. Burns stated on the call was exculpatory. Based on nothing more than speculation as to Mr. Burn's intent, the Government wants to introduce the fact that the call was on a recorded ***prison*** line, not just any recorded line, to ask the jury to assume that he must be lying.

While the Government is correct that random mentions to incarceration in passing do not necessarily prejudice an accused, the court in *Steele* went on to explain, "[w]here the comment 'is brief, ***unelicited***, and ***unresponsive***, adding nothing to the government's case,' an error worthy of granting a mistrial has not occurred." *United States v. Steele*, 733 F. App'x 472, 477 (11th Cir. 2018) (quoting *United States v. Emmanuel*, 565 F.3d 1324, 1334 (11th Cir. 2009)) (emphasis added). Here, the Government wants to purposefully elicit that fact. This is not a scenario, like those raised in the cases to which the Government cites, where the defense is seeking a curative instruction after a witness accidentally lets slip, without being prompted to do so, that the accused was incarcerated. Rather, the Government actively seeks to elicit the fact. It therefore poses a danger of undue prejudice.

This danger substantial outweighs any probative value. As discussed above, telling the jury that Mr. Burns was coaching Blanc based on the word choice in the call would require the Government to speculate as to Mr. Burns's state of mind, which is impermissible. The fact that the call was recorded has little, if any, probative value. The fact that it was recorded *because he was incarcerated* has none at all.

Therefore, Mr. Burns respectfully asks this Court to deny the Government's Motion in Limine or, in the alternative, order the Government to redact portions of the call that reference Mr. Burns being incarcerated. Additionally, this Court should preclude the Government from eliciting testimony from a third party as to Mr. Burns's state of mind, or reserve ruling as to admissibility until the issue arises at trial.

WHEREFORE based on the foregoing, Mr. Burns respectfully requests this Court deny the Government's Motion in Limine.

Respectfully submitted,

**S. PATRICK DRAY, P.A.**
11900 Biscayne Blvd., Suite 459
North Miami, FL 33181
Tel: (305) 379-4501
Fax: (786) 513-2244

By: /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.
FLORIDA BAR NO.: 0180157
pat@patdray.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 25th, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.

5