UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-DSL

UNITED STATES OF AMERICA

v.

OSCAR BANDEN BURNS,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO SEVER CO-DEFENDANTS

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response to Defendant Oscar Banden Burns's (hereafter, "Defendant") motion to sever (DE136). Defendant's motion is predicated on the government's introduction of co-defendant Schnaider Cesar's post-*Miranda* statement. Because the government will not introduce the statement in its case-in-chief, the Motion lacks merit and should be denied.

There is a strong preference in the federal system for joint trials of defendants who are indicted together. *United States v. Zafiro*, 506 U.S. 534, 536 (1993). As the Supreme Court recently observed, "[j]oint trials have long played a vital role in the criminal justice system, preserving government resources and allowing victims to avoid repeatedly reliving trauma." *Samia v. United States*, 599 U.S. 635, 654 (2023). To warrant a separate trial, a defendant must show that a joint trial would: (1) deprive him of a constitutional right; or (2) prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro*, 506 U.S. at 539. If a defendant can establish that a joint trial would violate his Confrontation Clause rights, severance may be appropriate. But

not all trials involving a co-defendant's statement implicate *Bruton*.[1] In *Samia v. United States*, the Supreme Court held that the Confrontation Clause does not bar admission of a non-testifying co-defendant's confession where: (1) the confession has been modified to avoid directly identifying the non-confessing co-defendant, and (2) the court offers a limiting instruction that jurors may consider the confession only with respect to the confessing codefendant. 599 U.S. 635, 640 (2023).

In the present case, Schnaider Cesar never refers to Burns by name. Because he never directly identifies Burns, the statement falls under *Samia*'s ambit. Nevertheless, this Court need not decide whether the statement presents a *Bruton* issue because the United States is not planning to introduce the statement in its case-in-chief. And if Cesar takes the stand, the government would be free to introduce his prior statement without any arguable Confrontation Clause issue.

Finally, it should be noted that in this case, in particular, the equities favor a single trial. This will be the elderly victim's second time testifying before a jury. Each time she testifies, she is forced to re-live the day of the carjacking, a day she thought would be her last. Forcing her to undergo the pain and stress of testifying not twice but *three* times without a constitutional need would be cruel.

---

[1] *Bruton v. United States*, 391 U.S. 123 (1968) (admitting non-testifying co-defendant's confession in joint trial violated defendant's Confrontation Clause rights).

**Conclusion**

Because Defendant's Confrontation Clause rights would not be adversely affected by a joint trial, the United States respectfully submits that his motion for severance should be denied.

        Respectfully submitted,

        MARKENZY LAPOINTE
        UNITED STATES ATTORNEY

By:    /s/ *Yeney Hernandez*
        YENEY HERNANDEZ
        Assistant United States Attorney
        Court ID No. A5502300
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel.: (305) 961-9277
        Fax: (305) 530-7976
        Email: Yeney.Hernandez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 2, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

*/s/Yeney Hernandez*
Assistant United States Attorney