UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA

v.

OSCAR BANDEN BURNS and
SCHNAIDER CESAR,

    **Defendants.**
_____/

### UNITED STATES' PROPOSED VOIR DIRE QUESTIONS

    The United States of America, by and through the undersigned Special Assistant United States Attorney, respectfully asks pursuant to Federal Rule of Criminal Procedure 24(e) that the Court ask the following questions, and allow the Government to delve further into the following topics, in addition to the Court's standard jury questions:

    1.    Have you, or any of your close friends or family members, ever had any negative experiences with law enforcement officers? Would those experiences impact your ability to be a fair and impartial juror in this case?

    2.    The Judge will instruct you on legal definitions. These definitions might be different from what you may understand certain words to mean and may differ from how they are used in our everyday lives. In this case, the Court will instruct you on the law of direct and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. For example, if a witness says he saw it was raining outside, you have direct evidence that it rained. And if a witness says he saw there was water on the ground and people coming in with umbrellas and wet raincoats, you have

circumstantial evidence that it rained. Both types of evidence should be afforded the same weight in your deliberations.

    a.    Is there anyone here that cannot follow the Judge's instructions with regard to circumstantial evidence, and can find someone guilty of a crime <u>only</u> if there is direct evidence?

3.    In a criminal case, the Government may present testimony from cooperating defendants. A cooperating defendant is an individual who participated in the crime.

    a.    Do you have any negative feelings about cooperating defendants generally?

    b.    Would anyone here have difficulty believing the testimony of a cooperating defendant?

4.    The Government may call individuals who work for the City of Miami Police Department to testify in this case. Do any of you have any experiences—either positive or negative—with City of Miami Police officers generally which may affect your ability to evaluate the credibility of this witness fairly and impartially?

    a.    Do you believe that a City of Miami Police officer's testimony should be given <u>more</u> weight than any other witness based on your experience and personal history?

    b.    Do you believe that a City of Miami Police officer's testimony should be given <u>less</u> weight than any other witness based on your experience and personal history?

    c.    Does anyone here watch courtroom or law enforcement shows like CSI or Law & Order? Can you set aside any ideas you have about courtroom procedure and investigations and decide this case without comparing the City of Miami Police officers to what you've seen on television or in the movies?

5.  Do any of you have any religious, moral, or other beliefs which may prevent you from passing judgment on another person?

                Respectfully submitted,

                MARKENZY LAPOINTE
                UNITED STATES ATTORNEY

By:   */s/ Stefan Diaz Espinosa*
      Stefan Diaz Espinosa
      Assistant United States Attorney
      U.S. Attorney's Office – SDFL
      Florida Bar No. 1010217
      99 NE 4th Street, 6th Floor
      Miami, Florida 33132
      Tel: (305) 961-9124
      Email: Stefan.Diaz.Espinosa@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:   */s/ Stefan Diaz Espinosa*
      Stefan Diaz Espinosa
      Assistant United States Attorney