UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-DSL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSCAR BURNS,

    Defendant.
_____/

### REPLY TO GOVERNMENT'S REPONSE TO OMNIBUS MOTION IN LIMINE

Oscar Burns, by and through undersigned counsel, hereby files his Reply to the Government's Response [DE:149] to Burns's Omnibus Motion in Limine [DE:138] (the "Response"), and in support thereof states as follows:

**1. "REAL" Firearm**

As to the firearm, the Government confuses the issues. The issue is not whether the alleged victim believed what she saw was a real gun—she can certainly testify to what she *believed* she saw. What the witness cannot do is speculate that the gun was *in fact* real, when the witness has no personal knowledge. Witnesses may only testify to that which they have personal knowledge. Fed. R. Evid. 602. The alleged victim in this case has no personal knowledge as to whether the firearm was

real or fake. Therefore, under Rule 602, this Court should preclude the witness from speculating as to the authenticity of the firearm. Her testimony as to whether it is real - - is essentially speculation and therefore not admissible.

2. **<u>Victim Impact Testimony</u>**

As to the victim impact testimony, it is one thing to testify as to what the alleged victim felt during the moment when the alleged carjacking was taking place. It is another thing entirely for the alleged victim to describe the long-term of effects of that conduct. The Government's claim that such testimony is relevant to prove the charge is unpersuasive. Whether the conduct had long term effects has nothing to do with the charge or proof thereof. It is sufficient for her to state how she felt - - scared/in fear for her life - - at that moment or shortly afterwards.  The long term affects has no probative value whatsoever. Instead, the Government will use the testimony to garner pity from the jury for the alleged victim in this case. This is impermissible under Fed. R. Evid. 403 ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."). The Government should be precluded from using irrelevant, unfairly prejudicial testimony as "evidence."

Lastly, victim impact statements can be used at sentencing, if applicable; but should not be used at trial.

### 3. **Blanc's Open And Pending State Court Charge**

Finally, as to Blanc's open and pending case; it is neither speculative nor surprising that a co-defendant, who has *already plead* guilty and is hoping to obtain leniency in this case, would do the exact same thing with his open state case. His defense attorney will undoubtedly point to his testimony in this case in order to obtain a lesser sentence in state court, or to obtain a favorable plea agreement with the State Attorney's Office, via the US Attorney's Office prosecution of Defendant Burns here.

That is not speculative—any credible defense attorney seeking to receive the most fair and lenient sentence for their client would point to their cooperation as a factor. The defense should be permitted to alert the jury as to this potential motive to lie. It is not used for 404(b) evidence or to show a conviction by a felony or a crime of dishonesty. It is purely for impeachment purposes to show a motive to fabricate or lie and gain favor with the prosecution for a lessor sentence.

Any confusion or concern regarding the purpose of such evidence can be cleared up through an instruction to the jury that such evidence may only be used to assess Blanc's credibility and not for any other purpose.

For these reasons, Mr. Burns respectfully requests this Court grant his Omnibus Motion in Limine.

Respectfully submitted,

***S. PATRICK DRAY, P.A.***

11900 Biscayne Blvd., Suite 459
North Miami, FL 33181
Tel: (305) 379-4501
Fax: (786) 513-2244

By:  /s/ *S. Patrick Dray*
S. PATRICK DRAY, Esq.
FLORIDA BAR NO.: 0180157
pat@patdray.com

By:  */s/ Jonathan Freidman*
101 N.E. 3rd Avenue
Suite 1500
Fort Lauderdale, FL 33301
954-713-2820
Fax: 754-301-5109
Email: JFriedmanlawfirm@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 3, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:  /s/ S. Patrick Dray
S. PATRICK DRAY, Esq.