UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-DSL

UNITED STATES OF AMERICA

v.

OSCAR BANDEN BURNS,

    **Defendant.**

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S RENEWED MOTION IN LIMINE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response to Defendant Oscar Banden Burns's (hereafter, "Defendant") Renewed Motion in Limine (DE182) (the "Motion"). Defendant wishes to cross examine Rayneo Blanc regarding an unrelated, unresolved state case. He argues that, because Anton Brown was a co-defendant in that unrelated case, he and Blanc "have a history of committing vehicle-related crimes together." Relying on propensity, Burns wishes to leverage this alleged "history of committing vehicle-related crimes" to argue that Brown was the gunman in this case, and that Blanc is lying to protect him. This argument is barred by Rule 404(b). Moreover, Rule 403 bars admission of material of scant probative value that is "dragged in by its heels"[1] to unfairly prejudice a party. The defense is, of course, free to question Blanc about Brown, but this questioning must be tethered to the facts of this case. Because the unrelated, unresolved state charge is extrinsic to the case, the defense should not be permitted to inquire into the matter.

---

[1] *United States v. McNair*, 605 F.3d 1152, 1206 (11th Cir. 2010).

**A. Defense Witness**

On December 9, 2024, Burns provided a list of potential defense witnesses. One of these witnesses was Jorge Perez-DeCespedes. DeCespedes is an inmate who has shared a cell block with Burns since September 2024. The government did not know that DeCespedes claimed to have information about this case until the defense listed him on their witness list. The government interviewed DeCespedes on December 13, 2024, and provided the defense a report of the investigation that same day.

During the interview, DeCespedes stated that he had spoken with defendant Burns on December 6, 2024, and informed him of a conversation he (DeCespedes) had with Blanc sometime in early 2024.[2] According to DeCespedes, Blanc admitted to participating in a carjacking to obtain a replacement bumper for his car. DeCespedes further stated that Blanc indicated he needed to "protect his cousin." DeCespedes did not know whether the statement about the cousin related to the carjacking.

**B. The Renewed Motion in Limine**

The Defense wishes to inquire into Blanc's unrelated, unresolved state case (for burglary of unoccupied vehicle) because Blanc's cousin was charged in the same case. They claim: "there is ample support for the theory that Blanc is testifying for the Government against Burns to protect his cousin, Brown" (Motion at 4). That "support," they argue, comes from Brown and Blanc's "history of committing vehicle-related crimes together" (*id.*), referring to the unresolved state case.

---

[2] The defense had DeCespedes's statements at least one week before the government. This is undoubtedly why they listed DeCespedes on their witness list. Accordingly, their assertion that the renewed motion in limine is based on "[n]ew evidence provided by the government" is incorrect.

2

In brief, the defense theory appears to be that Brown—not Burns—was the gunman, and that Blanc is implicating Burns so that authorities will stop investigating Brown. To be sure, the defense is free to ask Blanc about their theory of the case. They may inquire about any alleged statements made to DeCespedes, and other evidence brought into this case that they believe points to Brown. But the defense should not be permitted to bolster their defense theory through improper propensity evidence. The gravamen of the defense argument is that, because Burns and Brown were previously charged with an unrelated crime together, they must have joined forces in this carjacking. In other words, Burns wishes to admit evidence of Brown and Blanc's prior charges to show that they have a tendency to commit crimes together and, therefore, are more likely to have committed *this* crime together. But Rule 404(b) expressly prohibits that kind of propensity argument.

Nor can Burns disguise this propensity evidence as an anticipated rebuttal to the government's response. The Defense claims that the government "may try to argue that Blanc's statements about protecting his cousin were made regarding the [unresolved state case]" (Motion at 4). To refute this argument, they assert that they should be allowed to elicit testimony that Brown's state case is now closed. But the government will not claim that Blanc's alleged assertion that he needed to "save his cousin" refers to that unrelated state case.

Burns should be precluded from inquiring into uncharged, unrelated crimes when cross examining Blanc.

## **Conclusion**

Defendant's renewed motion should be denied.

                                        Respectfully submitted,

                                        MARKENZY LAPOINTE
                                        UNITED STATES ATTORNEY

By:    /s/ *Yeney Hernandez*
              YENEY HERNANDEZ
              Assistant United States Attorney
              Court ID No. A5502300
              99 Northeast 4th Street
              Miami, Florida 33132-2111
              Tel.: (305) 961-9277
              Fax: (305) 530-7976
              Email: Yeney.Hernandez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

*/s/Yeney Hernandez*
Assistant United States Attorney