UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-DSL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSCAR BANDEN BURNS,

    Defendant.

_____/

## REPLY TO RESPONSE TO RENEWED MOTION IN LIMINE

Oscar Burns, by and through undersigned counsel, hereby replies to the Government's Response to his Renewed Motion in Limine [DE:184].

The purpose of Mr. Burns's motion is narrow—much more so than its initial request. Undersigned first wants to make clear that it does ***not*** seek to introduce the state cases against Blanc to show that he has state cases or a propensity for criminal activity. In fact, the defense does not even need to mention the nature of the crime. The defense only seeks to impeach Blanc if he tries to "explain away" his statement that he's protecting his cousin.

If Blanc is asked "are you lying for your cousin," and he says "no," the defense will seek to impeach him by asking him "but you've been telling people at FDC that you are protecting your cousin" and if he attempts to explain that away by saying that comment had nothing to do with ***this*** case, the defense needs to be able to say that it does not have to do with their ***other*** cases because that case is closed. Thus, the only case in which Blanc could be protecting his cousin is this case.

Undersigned does not see how this would prejudice Blanc, as he has already pleaded guilty and is cooperating with the Government. This is not like other 404(b) issues that arise in other cases, where the person against whom the Government seeks to admit 404(b) is still at the phase where they are innocent until proven guilty. Blanc *is guilty*—he's passed the point of prejudice. Blanc is not the one on trial, but his credibility is certainly relevant, and this impeachment evidence is highly probative. If the defense is not permitted to mention, in rebuttal and by way of impeachment, the fact that the state cases against his cousin are closed, then the jury will not be able to make an informed credibility determination.

Moreover, the Government ignores the value of the proposed limiting instruction, which courts consistently give when faced with evidence of other crimes or acts.

While the title of the motion is "Renewed," the defense submits that the instant motion is significantly narrowed. The defense is cognizant of the Government's and this Court's previous concerns regarding the previous motion in limine. The narrow scope of the instant request is meant to strike a balance between this Court's previous ruling and Mr. Burns's right to a fair trial and to confront witnesses against him under the Sixth Amendment. Given the fact that Blanc is the *only* witness who places Mr. Burns at the scene of the crime, it is imperative that the jury be able to assess his credibility. Particularly when Brown's prints were also on the offending vehicle and the carjacker brought up a "cousin" to the victim during the crime. Motive to lie is perhaps the most probative factor in assessing one's credibility. Mr. Burns respectfully ask this Court to allow him to give the jury the full picture.

Respectfully submitted,

*/s/ Simon Patrick Dray*
Simon Patrick Dray, Esq.

Florida Bar No. 0180157
S. PATRICK DRAY, P.A.
11900 Biscayne Blvd., Suite 459
North Miami, Florida 33181
305-379-4501
pat@patdray.com
*Counsel for Oscar Burns*

**/s/ *Jonathan Friedman***
101 N.E. 3rd Avenue
Suite 1500
Fort Lauderdale, FL 33301
954-713-2820
Fax: 754-301-5109
 JFriedmanlawfirm@gmail.com
*Co-Counsel for Oscar Burns*

**By: /s/ *Alyssa M. Altonaga***
Alyssa M. Altonaga, Esq.
Fla. Bar No. 1025089
ALTONAGA LAW, PLLC
333 SE Second Ave
Suite 2000
Miami, FL 33131
786-960-5353
alyssa@altonagalaw.com
*Co-Counsel for Oscar Burns*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:  /s/ Simon Patrick Dray
  SIMON PATRICK DRAY, Esq.