**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-20336-LEIBOWITZ**

**UNITED STATES OF AMERICA**

**v.**

**OSCAR BANDEN BURNS, and**
**SCHNAIDER CESAR,**

　　　　**Defendants.**
_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

After I've completed these instructions, you will go to the jury room and begin your discussions –

what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find

the Defendants guilty beyond a reasonable doubt.

1

**The Duty to Follow Instructions and the Presumption Of Innocence**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The Indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. A Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify.  In this case, the Defendants chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant you are considering not guilty.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant you are considering has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. Anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Witness's Prior Statement or Testimony Explanatory**
**Instruction**

During the trial, when a witness was questioned about earlier statements or testimony the witness made, the questioning was permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness' earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

### Identification Testimony

The Government must prove beyond a reasonable doubt that the Defendant you are considering was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

**Impeachment of Witnesses Because of Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Introduction to Offense Instructions

The Indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the Indictment to refer to during your deliberations.

Count One charges Defendant Oscar Banden Burns and Defendant Schnaider Cesar with carjacking.

Count Two charges Defendant Oscar Banden Burns with brandishing a firearm during and in relation to a crime of violence, here charged as Count One.

Both counts charged are called "substantive offenses." I will explain the law governing those substantive offenses in a moment.

11

### Conjunctively Charged Counts

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

### On or About; Knowingly; Willfully – Generally

You'll see that the Indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

13

**Caution: Punishment**
**(Multiple Defendants, Multiple Counts)**

Each count of the Indictment charges a separate crime against one or both of the Defendants. Specifically, Count One of the Indictment charges Defendant Oscar Banden Burns and Defendant Schnaider Cesar with the crime of "carjacking," which I will explain in more detail in a moment.  Count Two of the Indictment charges only Defendant Oscar Banden Burns with using or carrying a firearm during and in relation to the crime charged in Count One, or possessing a firearm in furtherance of the crime charged in Count One.  I also will explain this charge in more detail in a moment.

You must consider each crime and the evidence relating to it separately.  And you must consider the case of each Defendant separately and individually.  If you find a Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the Indictment.  You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

## Motor Vehicles: "Carjacking"
### 18 U.S.C. § 2119

It's a Federal crime for anyone to take or attempt to take a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from or in the presence of another person, by force and violence, or by intimidation, with the intent to cause death or serious bodily harm.  Defendant Oscar Banden Burns and Defendant Schnaider Cesar are each charged with violating this crime in Count One of the Indictment.

The Defendant you are considering can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant took or attempted to take a motor vehicle from or in the presence of another;

(2) the Defendant did so by force and violence, or by intimidation;

(3) the motor vehicle had previously been transported, shipped, or received in interstate or foreign commerce; and

(4) the Defendant intended to cause death or serious bodily harm when the Defendant took the motor vehicle.

"By force and violence" means the use of actual physical strength or actual physical violence.

To take "by intimidation" is to say or do something that would make an ordinary person fear bodily harm. It doesn't matter whether the victim in this case actually felt fear.

To "transport, ship, or receive" a vehicle in interstate or foreign commerce means to move the vehicle between any two states or between the United States and a foreign country. It doesn't matter whether the Defendant knew that the vehicle had moved in interstate or foreign commerce. The Government only has to prove that the vehicle actually moved in interstate or foreign commerce.

15

To decide whether the Defendant "intended to cause death or serious bodily harm," you must objectively judge the Defendant's conduct as shown by the evidence and from what someone in the victim's position might reasonably conclude.

The Government contends that the Defendant Oscar Banden Burns intended to cause death or serious bodily harm if the victim refused to turn over the car. If you find beyond a reasonable doubt that the Defendant had that intent, then the Government has proved this element of the crime.

**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It is possible to prove Defendant Schnaider Cesar guilty of the crime charged in Count One of the Indictment even without evidence that Defendant Schnaider Cesar personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that Defendant Schnaider Cesar was a willful participant and not merely a knowing spectator.

### Using or Carrying and Possessing a Firearm in Furtherance of a
### Violent Crime or Drug-Trafficking Crime
### 18 U.S.C. § 924(c)(1)(A)

It's a separate Federal crime to use or carry a firearm during and in relation to a violent crime, or to possess a firearm in furtherance of a violent crime.

Defendant Oscar Banden Burns can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt:

(1) that Defendant Oscar Banden Burns committed the violent crime charged in Count One of the Indictment; and

(2) that during and in relation to that violent crime, Defendant Oscar Banden Burns knowingly used or carried a firearm, as charged in the Indictment;

or

that Defendant Oscar Banden Burns knowingly possessed a firearm in furtherance of that violent crime, as charged in the Indictment.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

To "use" a firearm means more than a mere possession and more than proximity and accessibility to the firearm.  It requires active employment of the firearm by brandishing or displaying it in some fashion.

To "carry" a firearm is to have the firearm on one's person or to transport the firearm, such as in a vehicle, from one place to another, while committing the violent crime.

To use or carry a firearm "in relation to" a crime means that that the firearm had some purpose or effect with respect to the crime, and was not there by accident or coincidence.  The firearm must have facilitated, or had the potential of facilitating, the crime.

18

To "possess" a firearm is to have direct physical control of the firearm or to have knowledge of the firearm's presence and the ability and intent to later exercise control over the firearm.

Possessing a firearm "in furtherance of" a crime means that the firearm helped, promoted, or advanced the crime in some way.

**Brandishing of a Firearm**

If you find the Defendant Oscar Banden Burns guilty of using or carrying a firearm during and in relation to the crime of violence charged in Count One of the Indictment or possessing a firearm in furtherance of a crime of violence charged in Count One of the Indictment, you must then determine whether the firearm was brandished during and in relation to or possessed in furtherance of a crime of violence.

To brandish a firearm means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

20

### Possession

The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

**Similar Acts Evidence**

During the trial, you heard evidence of acts allegedly done by Defendant Schnaider Cesar on another occasion that may be similar to acts with which the Defendant is currently charged. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had a motive to commit the acts charged in the indictment, whether he acted according to a plan to commit the acts charged, or whether he committed the acts charged not by mistake. You may not consider this evidence for any other purpose. The Defendant is currently on trial only for the crime charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

## Evidence of Flight or Concealment

Intentional flight or concealment by a person during or immediately after a crime has been committed, or after he is accused of a crime, is not, of course, sufficient in itself to establish the guilt of that person.  But intentional flight or concealment under those circumstances is a fact which, if proved, may be considered by the jury in light of all the other evidence in the case in determining the guilt or innocence of that person.

Whether or not the conduct of the Defendant you are considering constituted flight or concealment is exclusively for you, as the Jury, to determine.  And if you do so determine, whether or not that flight or concealment showed a consciousness of guilt on his part, and the significance to be attached to that evidence, are also matters exclusively for you as a jury to determine.

I remind you that in your consideration of any evidence of flight or concealment, if you should find that there was flight or concealment, you should also consider that there may be reasons for this which are fully consistent with innocence. These may include fear of being apprehended, unwillingness to confront the police, or reluctance to confront the witness.

And may I also suggest to you that a feeling of guilt does not necessarily reflect actual guilt of a crime which you may be considering.

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-20336-LEIBOWITZ**

UNITED STATES OF AMERICA

v.

OSCAR BANDEN BURNS

　　　**Defendant.**

_____/

**VERDICT FORM**

1.　　As to **Count One** of the Indictment, which charges Defendant **OSCAR BANDEN BURNS** with carjacking, we, the Jury, unanimously find the Defendant:

　　　　　GUILTY _____　　　　　NOT GUILTY _____

2.　　As to **Count Two** of the Indictment, which charges Defendant **OSCAR BANDEN BURNS** with using or carrying a firearm during and in relation to a crime of violence, or knowingly possessing a firearm in furtherance of a crime of violence, we, the Jury, unanimously find the Defendant:

　　　　　GUILTY _____　　　　　NOT GUILTY _____

[If you find the Defendant Guilty of Count Two, you must answer the question on the following page.  If you find the Defendant Not Guilty of Count Two, do not answer the question on the following page.]

26

Do you, the Jury, unanimously find that the Government proved beyond a reasonable doubt that the Defendant brandished the firearm while committing the offense charged in Count One?

YES _____          NO_____


**SO SAY WE ALL**


_____

**FOREPERSON OF THE JURY**

**Dated:** _____

27

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA

v.

SCHNAIDER CESAR,

     Defendant.

_____/

## VERDICT FORM

1.    As to **Count One** of the Indictment, which charges Defendant **SCHNAIDER CESAR** with carjacking, we, the Jury, unanimously find the Defendant:

GUILTY _____         NOT GUILTY _____

**SO SAY WE ALL**

_____
**FOREPERSON OF THE JURY**

**Dated:** _____