UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSCAR BANDEN BURNS,

    Defendant.

_____/

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

OSCAR B. BURNS, by and through undersigned counsel, hereby files his Objections to the Presentence Investigation Report ("PSR"), and in support thereof states as follows:

### The Offense Conduct

**Paragraph 5**

The information here is contrary to the evidence at trial and the police reports submitted in discovery. The Defense objects to this paragraph in the PSR.

It was the lead co-defendant, Rayneo Blanc, who rented the car and crashed it and also received citations, not Oscar Burns. It was Blanc who was responsible for the damage to the "rental car" and not Oscar Burns. It is undisputed that the lead detective testified to that fact at trial. In addition, when the lead detective interrogated Blanc, he confronted Blanc with the rental agreement showing Blanc rented the car. Blanc had the financial motive to repair or pay for the damaged rental car -- not Oscar Burns.

**Paragraph 8**

The information here is contrary to the evidence at trial and the police reports submitted in discovery. The Defense objects to this paragraph in the PSR.

Burns' fingerprints were not found inside the rental car - - the car driven to the carjacking. Only two partial palm prints were discovered on the outside of the rental car on the hood that came back to Mr. Burns. By contrast, other prints inside the car belonged to other co-defendants. That was the evidence at trial and provided in discovery.

**Paragraph 13**

The Defense objects to the government's assertion and characterizations, "according to the government" – simply put, those conclusions by the prosecutors are not evidence. There was no evidence at trial regarding any of the leadership or leadership roles aspect of this case. In fact, co-defendants Blanc and Cesar were long time friends. Burns did not know Cesar. Burns knew Blanc but this crime was committed without any careful planning or preparation. The evidence showed that the victim was spotted and then followed within minutes. All three defendants were in the car, and only Blanc had the motive to repair the bumper – not Burns. The mere fact that Burns was in possession of a firearm does not mean he was a leader, manager, or organizer. Indeed, Cesar drove the rental car back to Blanc's house – at ***Blanc's*** direction. Then, Cesar dropped off Blanc and drove Blanc's rental car to his place. As to the burning of the victim's car, next to Blanc's house, the evidence was unclear as to who and exactly when that decision was made. To be sure, the bumper and head light assembly had to be removed – Blanc was the one that got his "friends" to remove the car parts from the victim's car. Moreover, there was no evidence as to who went to get gas (where, when and how) to actually burn the car. Burns at all material times after the robbery was at Blanc's house and it was Blanc that had the keys to the victim's car. By contrast, Blanc was

at the victim's car with his "friends" taking off the car parts after the robbery and was most likely the person that told some other unknown person to get the gas and burn the car.

Crimes like this, committed in the spur of the moment and that are not properly planned or coordinated, do not require leadership as mentioned above. The three convicted defendants acted haphazardly and as such no leadership role should be assessed to any of them. Cesar had to scamble from the back seat to the front to get into the driver's seat.  Then, he could not drive the car - - crashing into the exit pole/medium until he could finally make that turn.  Certainly, the only person that had anything to gain by committing this crime was Blanc – not Burns.

**Paragraph 14**

The Defense objects to the obstruction enhancement. There was no evidence at trial regarding who directed the victim's car to be burned. As stated above, the only defendant of the three at that arson scene was Blanc, with other unidentified friends of his (and not Burns), dismantling the car and then burning it. Blanc was the only one who had the opportunity to order the car to be burned. Burns was not present for that, but Blanc was.

**Paragraph 15**

The Defense objects to the government's conclusion regarding the passing of the trial note and extrapolation of that situation as obstruction. First, this matter was addressed and brought to the Court's attention. Second, the note does not make any threat to Cesar.  Third, Cesar decided not to testify on his own free will in two trials, with the advice of counsel and after the Court discussed his option to testify. Finally, the defense had already rested when the note was passed; therefore, it could not have been made to persuade Cesar to testify. That opportunity was already gone.

**Role Assessment**

**Paragraph 16**

The defense objects to a two-level role enhancement. The U.S. Sentencing Commission explains in the Advisory Committee notes that the court should consider,

> "[T]he exercise of decision-making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."

U.S.S.G. §3B1.1 n. 4. An analysis of these factors weighs against the aggravating role enhancement.

There is no basis to support the conclusion that Burns was the leader simply because he had a gun. A more accurate assessment of the facts would support the conclusion that Blanc was an organizer in this crime because it is unrebutted that he alone had a motive to fix the bumper of the rental car that he damaged and had the financial responsibility to return in the same condition that it was when he rented it. Burns had no authority to order anyone to do anything—no one was working "under" him. Burns did not even know Cesar. There was no evidence at trial that he recruited anyone. There was no evidence that he stood to gain from the carjacking. There were no proceeds to share. Only Blanc could possibly benefit from this crime. Blanc's testimony—if he could even be believed—was that Burns was acting out of guilt, not because he stood to gain from a share of the proceeds. Thus, he didn't stand to gain anything - - let alone a larger share. Based on the circumstances, the lack of reliable evidence on this issue, the better course is to award no role enhancements to any of the three co-defendants; each played their own role as equals.

No evidence was submitted at trial as to the loss amount or the value of the car. Moreover, the defense never received any discovery regarding insurance claims or payments. The victim did

not testify as to any payments out of pocket; and nor was any evidence submitted regarding such. As such the defense objects to this alleged and unsupported $30,685.14 figure for a restitution claim as reflected in this paragraph last sentence.

**Paragraph 17**

No evidence was submitted at trial as to the loss amount or the value of the car. Moreover, the defense never received any discovery regarding insurance claims or payments. The victim did not testify as to any payments out of pocket, nor was any evidence submitted regarding such. As such the Defense objects to this alleged and unsupported $30,685.14 figure for a restitution claim.

**Paragraph 18**

The Defense objects to any enhancements for obstruction of justice. See factual objection above at paragraphs 14 & 15.

**Offense Level Calculation**

**Paragraph 22**

The Defense objects to the one-level increase for a loss amount. Because no evidence of loss was submitted during the trial, no points should be included here.

**Paragraph 24**

The Defense objects to two-level enhancement. There is no evidence that he was an organizer, leader or manager. As such, the inclusion of two levels is improper.

**Paragraph 25**

The Defendant objects to the inclusion of two levels for obstruction as stated above in great detail. As such, the two-level enhancement is improper.

**Paragraph 26**

Should the Court sustain the above objections than the adjusted offense level is 22 points.

**Paragraph 27**

The defendant objects to §4B1.1 enhancement and the Career Offender designation. The government has not provided proof that he satisfies the requirements of section 4B1.1(a). Moreover, the alleged conviction, even according to the rendition provided at paragraph 45 of the PSR, demonstrates that no violence was committed. Because no violence was committed and/or no proof has been provided of the two predicated offenses, Mr. Burns is not and cannot be considered a career offender.

**Paragraph 30**

As stated above, should the Court grant the objections concerning the enhancements than the Total Offense Level will be 22 and not 27.

**Part B   Mr. Burns' Criminal History**

**Paragraphs 40, 41, 42, 43 and 45.**

The Defense makes the same objection to paragraphs 40, 41, 42, 43 and 45 as follows: the government has not submitted proof regarding these alleged prior convictions to reach 10 points for Mr. Burns' criminal history category ("CHC").

Specifically, the defense objects to these allegations concerning the defendant's "prior convictions" on the grounds the Government has not provided any evidence that Mr. Burns committed those offenses. When a defendant disputes a portion of the PSR, "the Government has the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Meyers*, 2024 WL 914874 at *2 (S.D. Fla. Mar. 4, 2024) (quoting *United States v. Rodriguez*, 732

F.3d 1299, 1305 (11th Cir. 2013)). To meet this burden, the government must put forth "reliable and specific evidence." *United States v. Sepulveda*, 115 F.3d 881, 890 (11th Cir. 1997).

Because the Government has not put forth specific and reliable evidence that Mr. Burns committed these offenses, it cannot meet its burden and therefore, these offenses should not count toward his criminal history calculation.[1] After removing these cases from the PSR, Mr. Burns has 0 criminal history points and falls into Criminal History Category I.

**Part D – Sentencing Options**

**Custody - Paragraph 195**

Mr. Burns objects to these conclusions because the total offense level should be 22 as stated above. In addition, no records/evidence has been provided to the defense; so his CHC is I and not a level V (10 points) or VI by virtue of his alleged career offender designation.

**Restitution - Paragraph 204**

The Defense objects to this restitution amount because no evidence has been provided, as stated above, to support any amount of restitution.

**Part E.   Factors That May Warrant Departure and/or Variance**

**Paragraph 206**

The defense objects to the statement that states "no factors exist to support a departure or variance."  Part C of the PSR provides plenty of reasons for a departure/variance based on 18 USC § 3553 factors such as Mr. Burns' personal circumstances as reflected in paragraphs 144 to 193.

---

[1] Normally, this is proven by providing a copy of the certified judgment, conviction and sentence, and associated fingerprints with said conviction/ judgment.  In this case, it is imperative that government meet its burden of production and proof.  Thus far, no records have been provided to the defense.

Indeed, the information contained therein regarding Mr. Burns' personal and family upbringing, physical condition, mental, emotional, and substance abuse history demonstrates a need for a downward departure and/or variance. Moreover, his socio-economic background at paragraphs 178 to 193 also demonstrates a need for a departure/downward variance.

Lastly, because the guidelines are advisory after *United States v. Booker*, 125 S.Ct. 738 (2005), and the Court must consider the § 3553 factors, the Court can depart downwards or vary the sentence downwards based on the defendant's personal history as described above. A motion for downward departure/variance with an incorporated sentencing memorandum will be filed separately.

Mr. Burns respectfully request that the Court sustain these objections based on the facts and law as argued above.

Respectfully submitted,

**S. Patrick Dray, P.A.**

11900 Biscayne Blvd., Suite 459
North Miami, FL 33181
Tel: 305-379-4501
Fax: 786-513-2244
pat@patdray.com

By: s/*S. P. Dray*
S. PATRICK DRAY, ESQ.
Florida Bar No.: 0180157

### CERTIFICATE OF SERVICE

I CERTIFY that on February 28, 2025, the foregoing document was filed electronically via CM/ECF which will serve all counsel of record.

/s/ S. Patrick Dray
S. PATRICK DRAY, ESQ.
Florida Bar No.: 0180157