UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OSCAR BANDEN BURNS,

    Defendant.

_____/

**DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

COMES NOW, the Defendant, OSCSR BANDEN BURNS, by and through undersigned counsel, and respectfully moves this Honorable Court for a downward variance from the applicable sentencing guideline range pursuant to 18 U.S.C. § 3553(a), based on his extraordinary childhood abuse, severe mental health issues, significant medical conditions, and history of substance abuse linked to his upbringing. In support thereof, the Defendant states as follows:

**I. INTRODUCTION**

The advisory sentencing guidelines suggest a sentence that does not fully account for the Defendant's tragic upbringing, significant trauma, and mental and emotional impairments, which directly contributed to his offense conduct. A downward variance is warranted based on his extraordinary mental and emotional conditions, history of childhood neglect and abuse, chronic medical issues, and rehabilitative potential.

## II. APPLICABLE LEGAL STANDARD

Under *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory, and courts must consider the factors set forth in 18 U.S.C. § 3553(a) to impose a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing.

The Sentencing Commission recognizes that mental and emotional conditions (USSG § 5H1.3) and physical conditions (USSG § 5H1.4) can, in extraordinary circumstances, warrant a downward variance. Courts have repeatedly held that severe childhood abuse, untreated mental health conditions, and substantial medical impairments justify a below-guidelines sentence.

## III. FACTORS JUSTIFYING A DOWNWARD VARIANCE

The USPO spent a lot of time documenting and analyzing Mr. Burns' personal, family, physical condition, mental, emotional substance abuse, educational and vocational skills and below they are summarized.  In fact all of the listed items below are found in Part C of the PSR, at pages 57 to 64, paras 144 to 193.

**A. Extraordinary Childhood Trauma and Neglect**

The Defendant's severe childhood abuse, exposure to substance addiction, and abandonment from an early age warrant a downward variance:

1. Parental Drug Addiction and Neglect:
   - Raised by parents who were crack cocaine addicts, engaging in prostitution and criminal activity.
   - Witnessed extreme domestic violence and criminal behavior in his home.
2. Extreme Childhood Instability:

- • Lived on the streets by age nine.
- • Forced to survive without food, shelter, or consistent adult supervision.
- • Exposed to violence, drug use, and criminal influences daily.

3. Lack of Parental Guidance:

- • Father incarcerated for life for violent crimes, including armed robbery and homicide.
- • Step-father also incarcerated multiple times for drug-related offenses.
- • Multiple siblings involved in the criminal justice system, reinforcing his exposure to criminal behavior as a way of life.

**Case Law Supporting Downward Variance for Childhood Abuse**

• *United States v. Walter*, 256 F.3d 891 (9th Cir. 2001) – downward departure warranted where the defendant suffered extreme childhood abuse, including brutal beatings by his father, exposure to drugs and alcohol by his mother, and sexual abuse by a family member.

• *United States v. Roe*, 976 F.2d 1216 (9th Cir. 1992) – downward departure justified where a defendant suffered extraordinary childhood sexual abuse.

• *United States v. Rivera*, 192 F.3d 81 (2d Cir. 1999) – courts recognize that extreme childhood abuse causes mental and emotional pathology that can justify a Variance. Given this background, it is clear that Mr. Burns traumatic childhood significantly impaired his ability to develop into a law-abiding adult, contributing directly to his offense conduct.

**B. Severe Mental and Emotional Conditions**

The Defendant suffers from long-diagnosed depression, schizophrenia, and post-traumatic stress disorder (PTSD), which are directly linked to his childhood trauma and abuse:

- Diagnosed with depression and schizophrenia in 2004 and prescribed Seroquel for treatment.

- Two involuntary psychiatric hospitalizations via the Baker Act in 2017, including one after a suicide attempt.

- Untreated PTSD from witnessing violence and suffering severe childhood neglect.

**Case Law Supporting Downward Variance for Mental Health Conditions**

- *United States v. Hubbard*, 369 F.Supp.2d 146 (D. Mass. 2005) – downward variance justified where childhood trauma caused significant diminished capacity.

- *United States v. Alemenas*, 553 F.3d 27 (1st Cir. 2009) – downward variance granted for a defendant's mental and emotional conditions.

These conditions substantially impaired Mr. Burns ability to conform his conduct to the law and should be considered in mitigation.

**C. Significant Medical Impairments**

Mr. Burns suffers from chronic and debilitating medical conditions, which the Bureau of Prisons (BOP) may not be adequately equipped to manage:

1. Chronic Asthma and Bronchitis – Diagnosed at birth, requiring a nebulizer.

2. Diabetes – Diagnosed in 2023, requiring ongoing medication.

3. Seizure Disorder – Has suffered seizures under stress, including one after trial, resulting in a head injury and a broken foot.

4

4.  Severe Physical Trauma:

•   2008 Car Accident – Ejected 90 feet from a vehicle, resulting in major surgeries, head injuries, and near amputation of his right leg.

•   Multiple Gunshot Wounds – Shot twice, including one suicide attempt in 2007.

•   Chest Stabbing Incident – Suffered a punctured sternum when his girlfriend stabbed him in the chest with a rattail comb, leading to surgical complications.

### Case Law Supporting Downward Variance for Medical Conditions

•   *United States v. Martin*, 363 F.3d 25 (1st Cir. 2004) – downward variance justified for defendant's serious medical conditions where lengthy incarceration could shorten his lifespan.

The BOP's ability to provide adequate treatment for Mr. Burns medical conditions is highly questionable, further justifying a downward variance.

### IV. CONCLUSION

Mr. Burns tragic childhood, significant mental illness, and chronic medical conditions establish extraordinary circumstances warranting a downward variance under 18 U.S.C. § 3553(a). The advisory guideline range fails to adequately consider these mitigating factors.

Accordingly, the Defendant respectfully requests that this Court impose a sentence substantially below the advisory guideline range, one that is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Respectfully submitted,

**S. Patrick Dray, P.A.**

11900 Biscayne Blvd., Suite 459
North Miami, FL 33181
Tel: 305-379-4501
Fax: 786-513-2244
pat@patdray.com

By: s/*S. P. Dray*_____
S. PATRICK DRAY, ESQ.
Florida Bar No.: 0180157

**CERTIFICATE OF SERVICE**

I CERTIFY that on February 28, 2025, the foregoing document was filed electronically via CM/ECF which will serve all counsel of record.

/s/ S. Patrick Dray_____
S. PATRICK DRAY, ESQ.
Florida Bar No.: 0180157