UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA

v.

OSCAR BANDEN BURNS,

    **Defendant.**

_____/

**UNITED STATES' OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The United States of America hereby files these Objections to the Presentence Investigation Report ("Objections"), and states as follows:

### I.    FACTUAL OBJECTIONS AND ADDITIONS

The United States will designate the text it objects to below by placing the text in **boldface**.

#### A.    Paragraph 13

In paragraph 13 of the Presentence Investigation Report ("PSI"), the United States Probation Office ("USPO") stated that "video surveillance that was presented at trial, along with trial testimony, proved that Burns directed Blanc and Cesar and exercised decision-making authority throughout the offense, including directing Blanc **and Cesar** to set the vehicle on fire." (DE 206 at ¶ 13). Rather than "and Cesar," the text should be "and others."

#### B.    Paragraph 14

In paragraph 14 of the PSI, the USPO stated that "Burns commanded and aided in the destruction of evidence when Burns, Blanc, **and Cesar** burned the victim's vehicle." (*Id.* at ¶ 14). Rather than "and Cesar," the text should be "and others."

### C. Paragraphs 15 and 18

In paragraphs 15 and 18, the USPO stated facts it relied on for its recommendation of an adjustment for obstruction of justice. The United States agrees with this recommendation. The United States simply requests that paragraph 15 and 18 be supplemented with the following facts:

> On May 20, 2023, Burns used a jail telephone and called Blanc. The telephone call between Blanc and Burns was recorded. In the telephone call, Burns told Blanc that he should not tell the police what happened with respect to the carjacking. Further, Burns told Blanc that if the police attempted to speak with him about the carjacking, Blanc should tell the police that he does not know anything about the carjacking. Lastly, Burns—in a coded attempt to provide Blanc with a false version of the facts—told Blanc that he was in Orlando during the time of the carjacking. Video surveillance presented at trial established that Burns was in Miami during the carjacking, not Orlando.

## II.   LEGAL OBJECTIONS

The Defendant qualifies for an additional two-point offense level enhancement because the carjacking victim, B.J., qualifies as a vulnerable victim. U.S.S.G. § 3A1.1(b)(1).

### A. B.J. was a Vulnerable Victim.

Defendant Burns and his co-conspirators robbed B.J. not only because she drove a car that they wanted to steal, but also because they saw that she was incapable of thwarting their demands and defending herself when they held her at gunpoint. The sentencing guidelines consider this form of victimization and expressly allow the Court to hold Defendant Burns accountable for exploiting B.J.'s vulnerabilities during the commission of the crime.

Section 3A1.1(b) provides for a "two-level increase of the offense level if the defendant 'knew or should have known that a victim of the offense was a vulnerable victim.' A 'vulnerable victim is 'a person (A) who is a victim of the offense of conviction . . .; and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct.'" *United States v. Bradley*, 644 F.3d 1213, 1287–88 (11th Cir. 2011)

(quoting U.S.S.G. § 3A1.1, comment. (n.2)).  The application of this enhancement is a "very-fact intensive inquiry that must be made on a case-by-case basis" and consider the totality of the circumstances.  *United States v. Frank*, 247 F.3d 1257, 1260 (11th Cir. 2001).  "In construing the 'otherwise particularly susceptible' language in § 3A1.1, [courts] have held that circumstances, as well as immutable characteristics, can render a victim of criminal activity unusually vulnerable." *United States v. Kennedy*, 441 F. App'x 647, 648 (11th Cir. 2011) (quoting *United States v. Davis*, 967 F.2d 516, 523 (11th Cir. 1992)).  In applying this enhancement, the Court does not need to find that the defendant targeted the victim because of the vulnerability.  *Id.*

B.J. qualifies as a vulnerable victim for two reasons.  *First*, she qualifies as a vulnerable victim because she had visible physical vulnerabilities.  To show this, we should consider B.J.'s physical aspects and the circumstances of how the carjacking occurred.  At the time of the carjacking, B.J. was 63 years old, had restricted mobility, and impaired vision.  For her impaired vision, B.J. wore prescription glasses.

Turning to the circumstances surrounding the carjacking, at the time of the carjacking—which occurred before daybreak—B.J., who was wearing her prescription glasses, was alone in a parking lot of an elderly community and unarmed.  As the carjacking progressed, Defendant Burns cornered B.J., which further limited her already restricted mobility by blocking her path, and confronted her with the cold, metallic barrel of a handgun.  Essentially, any resistance from B.J. would be futile at this point.  But to make matters worse, Defendant Burns and his crew heavily outnumbered B.J. during the carjacking—three defendants-to-one victim.

*Second*, B.J. qualifies as a vulnerable victim because of her psychological vulnerabilities, some of which were exhibited during the carjacking and in its aftermath.  During the carjacking, B.J. suffered trauma due to being held at gunpoint by Defendant Burns.  She knew that her life

3

depended on satisfying his demands—hand over her car keys or suffer the consequences. Eventually, paramedics responded to medically treat B.J. because of the trauma that she suffered because of the carjacking.

But her psychological suffering did not stop at the scene of the crime. In fact, B.J. carried that traumatic burden with her into her home and suffers from it to this day. Indeed, even years after the carjacking, B.J. experienced nightmares of the crime. Those nightmares force her to relive the horrors of the carjacking perpetually.

As such, the Court should find that B.J. was a vulnerable victim of the carjacking.

### B. Defendant Burns Knew or Should Have Known that B.J. was a Vulnerable Victim.

Defendant Burns knew or should have known that B.J. was a vulnerable victim because he observed her vulnerabilities prior to, during, and after the carjacking, and exploited them. Prior to the carjacking, Defendant Burns saw B.J. as he drove into the parking lot to commit the carjacking. He observed her for at least two minutes. He saw that she was an elderly woman, alone in a parking lot, and had impaired vision because she wore prescription glasses. He also saw that he could use his car to block her path and position himself in a manner which restricts her mobility. And Defendant Burns did just that—he cornered her by taking advantage of how B.J. was alone in a parking lot, had impaired vision, and in the cover of the early morning hours.

During the carjacking, Defendant Burns observed these physical vulnerabilities up close. Indeed, when he cornered and brandished a handgun at her, B.J. was shaking, confused, and lacked the mobility to flee. More importantly, as he pointed a gun at her, Defendant Burns saw that B.J. was wearing prescription glasses for her impaired vision.

After the carjacking, Defendant Burns observed B.J.'s trauma from the carjacking settle in. Then, as Defendant Burns drove the stolen car away, he saw B.J. shuffle her feet to the front door

of her employment office—which was indicative of B.J.'s restricted mobility. Further, B.J. was visibly shaking as she made her way to the front door of her employment office.

As such, the Court should find that Defendant Burns knew or should have known that B.J. was a vulnerable victim and apply the enhancement accordingly.

## CONCLUSION

The Court should sustain the United States' objections and additions to the PSI in accordance with the arguments discussed above.

Respectfully submitted,

HAYDEN P. O'BYRNE<br>
UNITED STATES ATTORNEY

BY:   s/ *Stefan Diaz Espinosa*
      Stefan Diaz Espinosa
      Assistant United States Attorney
      Florida Bar No. 1010217
      99 N.E. 4th Street, 7th Floor
      Miami, Florida 33132-2111
      T. (305) 961-9124
      Stefan.Diaz.Espinosa@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed using CM/ECF on February 28, 2025.

    s/*Stefan Diaz Espinosa*
Stefan Diaz Espinosa
Assistant United States Attorney