UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

OSCAR BANDEN BURNS,

      Defendant.

_____/

**DEFENDANT, OSCAR BURN'S RESPONSE
TO GOVERNMENT OBJECTIONS TO DRAFT PSR**

    OSCAR B. BURNS, by and through undersigned counsel, hereby files his Response to the

Government's Objections to the draft PSR [DE 212] and states the following:

    **Vulnerable Victim**

    The defendant objects to the Government's inference that the victim was or qualifies as a

a "vulnerable victim" - - seeking another additional 2 points to the AGL.   The trial record is clear

and undisputed  that the target of the robbery was a bumper - - a car - - and not the person. It is

undisputed that the defendants were driving around looking for a car that could be used to take the

bumper and replaced the damaged one on Blanc's rental car. They were not looking to rob the

victim *per se*.  In fact, it is undisputed that the gunman did not ask for any money, or her purse.

He asked for her keys only.   Moreover, there is no evidence they saw her and could tell she was

old - - it was dark and the focus was on the car. She testified she could see the car *behind* her when

she was driving.

Similarly, the encounter at gunpoint was very short or lasted almost seconds. The Defendants never selected her for her age or restricted mobility or any other personal attribute.  In fact, they did not even see her until she stepped out of the car and came to them. In short, the defendant's did not focus on the actual victim…it was clearly and only the car she was driving that they were interested in. As such, the only time the gunman came into contact with the victim was essentially seconds before she actually stepped into the gunman's path. Prior to that there was no time to observe her and determine anything about her age/fitness, or lack thereof. So the facts do not support this enhancement the Government is trying to shoe-horn under "the should have known" alternative for these extra two points.

As to the other point, a review of the BWC that was not played at trial, but provided in discovery shows a very different person that the Government seeks to paint as vulnerable and was experiencing "psychological suffering" (that by the way would occur only well after the robbery, if at all, and not before). In the BWC she is calm and directing the police to the video in her office and answering all of their questions.  She also has the presence of mind, and in a very calm manner, shows the police how to use it the video recorder and does so several different times. She also rejected any treatment from rescue.

As such, the probation officer was correct not to add an additional 2 points under this enhancement. It is  clearly not warranted. The Government's objection should be overruled.


**Career Offender**

As to this date no certified priors and finger prints have been provided to the defense to determine if the defendant qualifies as a career offender.

Respectfully submitted,

**S. Patrick Dray, P.A.**

11900 Biscayne Blvd., Suite 459
North Miami, FL 33181

Tel: 305-379-4501
Fax: 786-513-2244
pat@patdray.com

By: s/*S. P. Dray*_____
S. PATRICK DRAY, ESQ.
Florida Bar No.: 0180157

## CERTIFICATE OF SERVICE

I CERTIFY that on March 10th, 2025, the foregoing document was filed electronically via

CM/ECF which will serve all counsel of record.

/s/ S. Patrick Dray_____
S. PATRICK DRAY, ESQ.
Florida Bar No.: 0180157

3