SUPPLEMENTAL UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

OSCAR BANDEN BURNS,

      Defendant.

_____/

## DEFENDANT OSCAR BURNS' SUPPLEMENTAL OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT BASED ON NEW CASE LAW

OSCAR B. BURNS, by and through undersigned counsel, hereby files his Supplemental Objection to the Presentence Investigation Report ("PSR"), and in support thereof states as follows:

### NEW CASE LAW
### APPLIES TO USSG section 3E1.1

**Paragraph 29**

Mr. Burns objects to the "trial penalty" inherent in U.S.S.G. section 3E1.1(a) and (b), which is known generally as "acceptance of responsibility," but in reality is a violation of the accused's Sixth Amendment right to proceed to trial by a jury of his peers. Just yesterday, March 10, 2025, the U.S. District Judge for the Southern District of New York Jed Rakoff found that U.S.S.G. section 3E1.1(b) is unconstitutional because it conflicts with the Sixth Amendment right to proceed to trial and mandates the Government prepare for trial and prove the charges they brought against

a defendant. *See United States v. Teimuraz Tavberidze*, 23-CR-585-03-JSR (S.D.N.Y Mar. 10, 2025), attached hereto in PDF (17 pages). In doing so, the court explained:

> First and foremost, section 3E1.1 in its entirety effectively penalizes a defendant who, whether innocent or guilty, proceeds to trial based on his decision to exercise his Sixth Amendment right to trial. But whereas section 3E1.1(a) at least arguably justifies this imposition as a reward for a defendant's demonstrating guanine remorse, the only ground given for imposing the additional penalty under 3E1.1(b) is that the defendant failed to save the Government from having to prepare for trial. This cannot possibly be an adequate ground for penalizing a defendant for the exercise of a constitutional right.

*Id.* at 10. The court concluded that only one point should be subtracted from the guidelines in cases where, as here, the defendant proceeded to trial. *Id.* at 16-17.  Furthermore, the court held that it would consider or treat the defendant for purposes of sentencing as if he had an offense level of 17 (or essentially reduce the offense level by 3 points total from 20 to 17). *Id.* at 17.


### TIMELINESS AND PSR DEADLINES

Because this opinion was released only yesterday, March 10, 2025, counsel should not be precluded from raising this legal and Constitutional motion or objection to the PSR.  This motion should not be denied based on a procedural deadline. As such, this Court should accept this argument as timely and rule on the merits.

The Defense argues that should the court agree with the reasoning in *Tavberidze*, and sustain the other PSR Objections, then the Total Offense Level will be 21 and he should be treated for sentencing at an offense level of 19 before applying the 18 USC 3553(a) factors.

Undersigned spoke with the prosecuting authority regarding this issue and the timeliness of this motion today, March 11, 2025, and the prosecutor stated he has no objection to the timeliness of the motion based on the new case in the EDNY;  but objects to the relief requested.

Respectfully submitted,

**S. Patrick Dray, P.A.**
11900 Biscayne Blvd., Suite 459
North Miami, FL 33181
Tel: 305-379-4501
Fax: 786-513-2244
pat@patdray.com

By: /s/ Simon Patrick Dray_____
SIMON PATRICK DRAY, ESQ.
Florida Bar No.: 0180157

## CERTIFICATE OF SERVICE

I CERTIFY that on March 11, 2025, the foregoing document was filed electronically via CM/ECF which will serve all counsel of record.

/s/ Simon Patrick Dray_____
SIMON PATRICK DRAY, ESQ.
Florida Bar No.: 0180157