UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-20336-LEIBOWITZ

UNITED STATES OF AMERICA

v.

OSCAR BANDEN BURNS,

    Defendant.
_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENSE MOTION TO WITHDRAW AS ATTORNEY**

The United States of America hereby files this Response to Defendant's Motion to Withdraw as Attorney (DE234, hereafter the "Motion"). Counsel for Defendant asserts that a "conflict of interest" keeps him from representing Burns at the sentencing hearing. The conflict appears to stem from Burns's unwillingness to meet with counsel before sentencing. But Defendant's recalcitrance alone cannot establish "good cause" for an eleventh-hour substitution that will harm the elderly victim in this case. The Court should deny the Motion.

**I.    LEGAL FRAMEWORK**

"While the Sixth Amendment guarantees criminal defendants the right to counsel, it does not grant defendants an unqualified right to the counsel of their choice." *United States v. Amede*, 977 F.3d 1086, 1106 (11th Cir. 2020). To replace court-appointed counsel, an indigent defendant must show "good cause," which "exists only where there is a 'fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.'" *Id.* (quoting *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018)).

In *Amede*, for instance, the defendant "refused to meet, speak, and prepare for sentencing

with [his lawyer] after she failed to attend his PSI interview." 977 F.3d at 1106. For her part, defense counsel "would not advance Amede's *pro se* arguments." *Id.* Yet "[n]either basis constitute[d] good cause for demanding different court-appointed counsel." *Id.*

When a client demands a lawyer file "meritless" motions, the attorney's "refusal to adopt" those "frivolous or harmful legal positions does not constitute good cause." *Id.* (citing *Joyner*, 899 F.3d at 1205-06). After all, counsel has a "duty . . . to challenge [a defendant's] irrelevant and meritless positions and advance only those that would lead to a favorable" ruling. *Id.* at 1106-07.

In the same vein, the *Joyner* Court affirmed the district court's refusal to appoint the defendant new counsel despite the attorney and Joyner having strong disagreements. *See* 899 F.3d at 1205-06. Joyner wished to argue for suppression based on arguments that his counsel and the magistrate judge recognized were meritless. *See id.* at 1206. Yet counsel's refusal to pursue those arguments "did not establish good cause" for removal. *Id.* "[T]here was not a total lack of communication between the defendant and his counsel thereby preventing an adequate defense." *Id.* at 1205 (internal quotation marks omitted).

## II.     ARGUMENT

The Motion fails because Defendant cannot establish "good cause" for substitution of counsel.[1] An uncooperative defendant cannot use his Sixth Amendment rights to frustrate the ends of justice, but that is transparently Defendant's goal in this case. Moreover, a last-minute substitution of counsel, which would postpone a sentencing hearing that has been continued previously, would further harm the elderly victim, who has been psychologically preparing for her *third* in-court hearing on this matter.

---

[1] Counsel did not represent that his client wishes for him to withdraw from the case. The government assumes Defendant adopted the Motion for purposes of this response.

*Amede* is directly on point. In that case, the defendant was represented at trial by an Assistant Federal Public Defender. 977 F.3d at 1104. After the jury found him guilty, Amede moved for new counsel, citing: (1) his refusal to meet with the AFPD or prepare for sentencing with her after she failed to attend his PSI interview; and (2) the AFPD's refusal to advance his pro se arguments. *Id*. at 1106. Neither reason established good cause. *Id*. First, the Eleventh Circuit explained that the defendant "was not entitled to unilaterally refuse to communicate with his appointed counsel and then seek new appointed counsel." *Id.* (citing *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) ("A defendant, by unreasonable silence or intentional lack of cooperation, cannot thwart the law as to appointment of counsel.")). Second, both the district court and appointed counsel agreed that the defendant's pro se arguments were meritless. *Id.* Nor could Amede justify his new-counsel request by pointing to his "general loss of confidence or trust" in his attorney. *Id.* at 1107 (quotation mark and citation omitted).

When the district court denied Amede's motion, he retained his own attorney. During the sentencing hearing, Amede refused to speak with new counsel and ultimately fired him. Amede then gave conflicting answers to the court's questions about self-representation. Although he said he did not wish to represent himself, he also said he wanted to proceed "without counsel." *Id*. at 1108. The district court allowed Amede to represent himself, despite his repeated interjections asking for a third attorney. *Id.* On appeal, Amede challenged the district court's refusal to continue the sentencing and faulted the court for allowing him to fire his new attorney without appointing substitute counsel. Rejecting both arguments, the Eleventh Circuit held: "A valid waiver of counsel occurs not only when a cooperative defendant affirmatively invokes his right to self-representation, but also when an uncooperative defendant rejects the only counsel to which he is constitutionally entitled." *Id*. (citing *United States v. Garey*, 540 F.3d 1253, 1265 (11th Cir.

3

2008)).  While the district court had not conducted a formal *Faretta* colloquy, the record showed that the court had explained "at great length the charges against Amede, possible punishments, trial and sentencing procedures, and the risks of self-representation." *Id*. at 1110.  And though Amede briefly asserted he had "other counsel lined up," he never claimed that this "other counsel" was present and ready to proceed. *Id.* at 1111.  Having already continued the hearing twice before, the district court was right to "prevent Amede from manipulating the counsel issue in an effort to interfere with and delay the effective administration of sentencing." *Id*. (citing *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1270-71 (11th Cir. 2016) (explaining that a defendant may substitute retained counsel for other retained counsel so long as the substitution "does not interfere with the fair, orderly and effective administration of the court" by, for example, delaying court proceedings)).

  *Amede* charts the way for Defendant's sentencing.  First, it instructs that counsel's representations regarding the "conflict of interest" fall short of "good cause" for an eleventh-hour substitution.  Second, should Defendant try to "manipulat[e] the counsel issue in an effort to interfere with and delay the effective administration of sentencing," and stimy his attorney's efforts to represent him at the hearing, this Court may well interpret those actions as a waiver of counsel. Such gamesmanship on Defendant's part would be especially damaging in this case, where victim B.J. has twice had to appear in court and re-live the worst day of her life.  Continuing the sentencing and postponing her well-deserved resolution to this terrible chapter of her life would be cruel.

  The government asks that this Court deny counsel's motion to withdraw.  If, at the sentencing hearing, Defendant wishes to part ways with his attorney, the government requests that the Court proceed to sentencing after appropriately querying Defendant and ensuring that he understands the responsibilities and risks of self-representation.

## **CONCLUSION**

The Court should deny the motion to withdraw as counsel.

                        Respectfully submitted,

                        HAYDEN P. O'BYRNE
                        UNITED STATES ATTORNEY

BY:    s/ *Yeney Hernandez*
           Yeney Hernandez
           Assistant United States Attorney
           Court ID No. A5502300
           99 N.E. 4th Street, 8th Floor
           Miami, Florida 33132-2111
           T. (305) 961-9277
           Yeney.Hernandez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed using CM/ECF on April 23, 2025.

*s/ Yeney Hernandez*
Yeney Hernandez
Assistant United States Attorney